(No. 2360—

GEORGE N. CRAWFORD AND C. J. CLYMER, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 11, 1934.*

MARTIN J. GANNON, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimants allege that on March 1, 1933, they were the owners of ten acres of hay land and one hundred loads of manure, located on the farm of George N. Crawford in Lee County, Illinois; that the State, through its employees, while engaged in repairing and clearing S. B. I. Route No. 6 and

while engaged in burning brush and dead grass, negligently suffered a fire to be unattended and suffered same to spread over the said lands, and that thereby ten acres of hay and approximately one hundred tons of manure on said land were burned and destroyed, all to the total value of $425.00.

The State has filed a motion to dismiss the claim, for the reason that the declaration does not state a sufficient cause of action against the State, whereby an award could legally be made.

Counsel for the claimants has filed a reply brief, wherein they state, that while there might be no legal basis for a claim, yet in equity and good conscience, claimants should be paid damages herein. In support of their contention, they have cited a number of cases wherein this court, as previously constituted, has held that "while no legal liability existed, wherein an award might be made, yet in 'equity and good conscience' an award would be made on the ground of social justice."

The construction which this court believes it should place upon its jurisdictional rights, has been set forth in the case of "*Crabtree* vs. *State,* 7 C. C. R. 207" and for brevity, reference is made thereto. Provision of Paragraph 4 of Section 6 of the Court of Claims Act with reference to "equity and good conscience," merely defines the jurisdiction of the court, and does not create a new liability against the State, nor does it increase any existing liability. The jurisdiction of the court is limited to claims under which the State would be liable, in law or equity, if it were suable, and if the claimant fails to bring himself within the provision of some law giving him the right to an award, he cannot invoke the principles of "equity and good conscience" to secure one.

"It is a rule of almost universal application, that no government is liable for the negligence or misfeasance of its officers and agents in the absence of a Statute making it liable. *Gibbons* vs. U. S., 8 Wal. 269; *U. S.* vs. *Kirkpatrick,* 9 Wheaton 720; *Jorgensen* vs. *State,* 2 C. C. R. 134; *Reliable Coal & Mining Co.* vs. *State,* 7 C. C. R. 56."

As the declaration does not state a cause of action against the State, the motion to dismiss is allowed and the claim dismissed.